UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TEREZA HAKOBYAN,

                Plaintiff,

          - against -

EXPERIAN INFORMATION SOLUTIONS,
INC.,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-1532 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On February 28, 2023, Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") filed a Notice of Removal of Plaintiff Tereza Hakobyan's ("Plaintiff") state court lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681i, and New York General Business Law ("NYGBL") § 380-F. (*See generally* Dkt. 1.) Nearly a year later, on February 6, 2024, Plaintiff requested a pre-motion conference ("PMC") seeking remand to Kings County Supreme Court based on lack of subject matter jurisdiction, which Defendant does not oppose. (*See generally* Dkts. 38–39.) For the reasons stated herein, the Court denies Plaintiff's request for a PMC as unnecessary, finds that Plaintiff lacks standing to bring suit in federal court, and remands this matter to state court.

## BACKGROUND

In her state court complaint, Plaintiff alleges that Defendant is a consumer reporting agency as defined under 15 U.S.C. § 1681(f). (*See* Compl., Dkt. 1 at ECF[1] 12–17 (hereinafter "Compl."), ¶ 10.) As part of its business, Defendant "assembl[es] or evaluat[es] and maintain[s]" consumer

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

credit reports that it furnishes "to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity[.]" (*Id.* ¶ 11.) The accounts listed within a consumer's credit report are referred to as "tradelines." (*Id.* ¶ 16.)

On or about November 24, 2022, Plaintiff mailed 20 dispute letters and copies of her driver's license to Defendant. (*Id.* ¶¶ 13–15.) The letters "disputed consumer credit data line items as inaccurate and/or incomplete[.]" (*Id.* ¶ 16.) Plaintiff alleges that Defendant received her dispute letters, but "continues to maintain the . . . inaccurate and/or incomplete [tradelines in her consumer file], and Defendant has published the [t]radelines to third parties, including, but not limited to, potential and/or current creditors of Plaintiff." (*Id.* ¶¶ 15, 17.) Plaintiff further alleges that Defendant has "failed to reinvestigate the disputed [t]radelines, record the current status of such information, and expunge/delete or modify the disputed [t]radelines, as requested by Plaintiff." (*Id.* ¶ 18.) According to the complaint, this "conduct . . . caused Plaintiff out of pocket costs, attorney and court fees, emotional stress, loss of consortium, a decrease in credit/FICO score, loss of personal and business credit opportunities with potential creditors/lenders, and delays in purchasing a home." (*Id.* ¶ 19.)

## DISCUSSION

**I.      Standing**

Plaintiff argues that this matter should be remanded to state court because she lacks Article III standing. (*See* Dkt. 38 at ECF 1.) As noted, Defendant does not oppose this request. (*See generally* Dkt. 39.)

To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). An injury in fact must be

"'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). If a plaintiff lacks Article III standing, a federal court has no subject matter jurisdiction to hear his or her claim. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005). In a case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

As Plaintiff concedes, she lacks standing to bring her FCRA claims in federal court. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021). Here, Plaintiff does not allege that she suffered any concrete harm resulting directly from Defendant's alleged statutory violations. First, although Plaintiff alleges that Defendant's conduct caused her "attorney and court fees" (Compl. ¶ 19), "the burdens of bringing a lawsuit cannot be the sole basis for standing." *See Pollak v. Portfolio Recovery Assocs., LLC*, No. 21-CV-6738 (PKC) (RML), 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998) ("[R]eimbursement of the costs of litigation cannot alone support standing.")).

Second, Plaintiff's "perfunctory allegation of emotional distress . . . is insufficient to plausibly allege constitutional standing." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021). Here, Plaintiff pleads no facts that "make it plausible that [she] did indeed suffer the sort of [emotional] injury that would entitle [her] to relief." *See id.* at 65–66 (quoting *Harry v. Total Gas & Power N. Am., Inc.*, 889 F.3d 104, 110 (2d Cir. 2018) (internal quotation marks omitted).

Third, Plaintiff's allegations that Defendant's conduct led to a "loss of consortium, a decrease in credit/FICO score, [and] loss of personal and business credit opportunities with

3

potential creditors/lenders" do not constitute concrete injury, even when coupled with Plaintiff's allegation that she experienced delay in purchasing a home.  (Compl. ¶ 19); *see Maddox*, 19 F.4th at 65 ("[Plaintiffs] contend that the [defendant bank's] delay adversely affected their credit during that time, making it difficult to obtain financing had they needed it in an emergency or for a new home. But it is not alleged that this purported risk materialized . . . [and therefore this allegation cannot] giv[e] rise to Article III standing.").  Moreover, "the [C]omplaint is devoid of any information from which the Court could determine when and how Plaintiff's credit report was shared, who it was shared with, and how Plaintiff learned of the disclosure." *Wan v. Trans Union, LLC*, No. 22-CV-115 (PKC) (JRC), 2022 WL 955290, at *2 (E.D.N.Y. Mar. 30, 2022).

Because Plaintiff has failed to allege any concrete injury, she does not have Article III standing and this Court lacks subject matter jurisdiction over her FCRA claim. This case is therefore remanded to state court pursuant to 28 U.S.C. § 1447(c).  *Accord Wan*, 2022 WL 955290, at *2.

## II.     Attorney's Fees

In addition to remand, Plaintiff seeks attorney's fees, expenses, and costs pursuant to 28 U.S.C. § 1447(c) on the basis that Defendant "did not have an objectively reasonable basis for removal[.]"  (Dkt. 38 at ECF 1.)  Defendant opposes this request.  (*See* Dkt. 39 at 1–3.)

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including [attorney's] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "The Second Circuit has historically granted discretion to the district court in determining whether an award of attorney's fees is appropriate, requiring consideration of 'overall fairness given the nature of the case, the circumstances of remand, and the effect on the parties.'" *Lanza v. Client Servs., Inc.*, No. 21-CV-6319 (LDH) (ST), 2022 WL 17787465, at *5 (E.D.N.Y. Sept. 12, 2022) (quoting *Morgan Guar. Tr. Co. of N.Y. v. Palau*, 971 F.2d 917, 924 (2d Cir. 1992)).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court does not find that Defendant "lacked an objectively reasonable basis for seeking removal." *Id.* "The jurisdictional lacunae recently created by *TransUnion* and its progeny has reasonably confounded those removing defendants who expected that a federal court would be the proper place for the adjudication of cases about federal law." *George v. Credit Corp Sols. Inc.*, No. 22-CV-5512 (NRM) (VMS), 2023 WL 7000964, at *7 (E.D.N.Y. Aug. 24, 2023). Given that Plaintiff's complaint asserts claims under a federal statute, the FCRA, "and that the courts' interpretation of standing doctrine post-*TransUnion* is still evolving, Defendant's attempted removal was reasonable, and [attorney's] fees and costs should not be awarded." *Id.* Furthermore, an award of attorney's fees would be particularly inappropriate here, where Plaintiff waited nearly a year after removal to seek remand. *See Martin*, 546 U.S. at 141 ("[A] plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.").

Accordingly, Plaintiff's request for attorney's fees, costs, and expenses is denied.

## CONCLUSION

The Clerk of Court is respectfully directed to remand the entire action to the Supreme Court of New York, Kings County, under case number 504782/2023 and to terminate this matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 4, 2024
      Brooklyn, New York